UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **LISA GARCIA MEDINA,** | CIVIL ACTION NO. 5:23-cv-00118-KKC |
| **Plaintiff,** | |
| V. | **OPINION & ORDER** |
| **Commissioner of SSA,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on the Plaintiff's motion for summary judgment. (DE 10.) Plaintiff Lisa Medina brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the denial of her claim for disability insurance. The Court, having reviewed the record, will deny Medina's motion (DE 10).

### I.     Standard

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

1

*Step 2*: If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Se*c. 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); see also § 404.1520(g)(1).

In denying Medina's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); see, e.g., *Walters v. Comm'r of Soc. S*ec., 127 F.3d 525, 529 (6th Cir. 1997).

2

At step one, the ALJ determined that Medina has not engaged in substantial gainful activity since May 18, 2019. (Administrative Record ("AR"), DE 7-2 at 19.)

At step two, the ALJ determined that Medina suffers from the medically determinable severe impairments of hypertension, asthma and obstructive sleep apnea, fibromyalgia, rheumatoid arthritis, rotator cuff tendinosis, and mild degenerative joint disease of the shoulders, residual effect of right ACL tear, degeneration of the spine, and morbid obesity. *Id.* The ALJ also found that Medina's impairments of atrial fibrillation, iron deficiency anemia and thrombocytosis, migraine headaches, macular degeneration, fibroids, GERD, asthma, and allergies did not more than minimally impact her ability to work. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. *Id.* at 23.

At step four, the ALJ assessed Medina's residual functioning capacity ("RFC"). *Id.* at 24-30. In making this assessment, the ALJ evaluated each of Medina's physical impairments and the extent to which her symptoms could be accepted as consistent with the objective medical evidence. *Id*. The ALJ concluded that Medina still had the capacity to sedentary work as defined by 20 C.F.R. 404.1567(a) and 416.967(a), except that she can never reach overhead bilaterally, can do no more than frequent fingering or handling bilaterally, can have no more than occasional exposure to pulmonary irritants or hazards, and must avoid all exposure to vibration or vibrating hand tools and temperature extremes. *Id.* This finding resulted in the ruling that Medina is not disabled under the Social Security Act. *Id*. at 30.

The ALJ's decision became the final decision of the Acting Commissioner when the Appeals Council subsequently denied Medina's request for review. *See* 20 C.F.R. § 422.210(a). Medina therefore has exhausted his administrative remedies and filed an appeal in this Court. The

parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

**II.   Analysis**

Review by the Court is limited to determining whether the findings set forth in the final decision of the ALJ are supported by "substantial evidence." 42 U.S.C. § 405(g). "'Substantial evidence means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (citations omitted). In determining this question, the Court must examine the evidence in the record "taken as a whole." *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). If it is supported by substantial evidence, the ALJ's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).

**A. The ALJ's decision is supported by substantial evidence.**

On appeal, Medina argues that the ALJ erred at the third step of the sequential evaluation by finding that Medina's impairments did not meet or medically equal Listing 14 in the Social Security's Appendix 1.

At the third step in the disability evaluation process, a claimant will be found disabled if her impairment meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); T*urner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the SSA considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §

4

404.1525(a). In other words, a claimant who meets the requirements of a Listed Impairment will be deemed conclusively disabled and entitled to benefits.

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* § 404.1525(c)(3). A claimant must satisfy all the criteria to "meet" the listing. *Id.*; *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). However, a claimant is also disabled if her impairment is the medical equivalent of a listing, 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), which means it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a); 20 C.F.R. § 404.1526(a). An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment. *Cf. Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, at *7 (6th Cir. 2006) (upholding ALJ who "compar[ed] the medical evidence of Lawson's impairments with the requirements for listed impairments contained in the SSA regulations"); 30 Fed. Proc., L. Ed. § 71:234.

In this case, Medina insists that her inflammatory arthritis meets both Listing 14.09B and 14.09D. Listing 14.09B requires inflammation or deformity in one or more major joints with (1) involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity, and (2) at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss). Listing 14.09D requires (1) repeated manifestations of inflammatory arthritis with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and (2) one of the following at the marked level: limitation of activities of daily living, limitation in maintaining social functioning, or limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

The ALJ found that Medina's inflammatory arthritis did not meet the requirements of listing 14.09B or 14.09D. (DE 7-2 at 23.) In coming to this conclusion, the ALJ considered the opinion of treating rheumatologist Mansoor Ahmed, M.D., which found that Medina did meet these listings. However, as to Listing 14.09(B), the ALJ found this opinion unpersuasive for multiple reasons. First, the ALJ noted no involvement of two or more organs/body systems at the moderate level of severity. The ALJ found that Medina's cardiac issues were not at a moderate level since they are under control with medication. Similarly, Medina's fatigue was not severe as it is controlled with annual infusions. The ALJ noted there was no evidence of fever, malaise, or involuntary weight loss. Further, the ALJ found that Dr. Mansoor's indications that Medina has poor mobility and persistent swelling were inconsistent with his own treatment notes and clinical exams.

As to Listing 14.09(D), the ALJ found no evidence that Medina had severe depression. Regarding her social functioning, Medina was consistently described as cooperative and friendly and in good health and spirits at appointments. Dr. Mansoor's treatment records did not note any difficulties in maintaining concentration, persistence, and pace. In a 2020 psychological exam, Medina's concentration was described as average, and she has been described as attentive in treatment records. The record indicated Medina's daily living was very active in caring for her children, assisting them with virtual school, and going to the grocery and preparing meals for her family. Since Medina did not exhibit any of the constitutional signs, nor did she display any of the other required limitations, the ALJ found that Medina did not meet Listing 14.09(D).

The ALJ's finding that Medina did not meet the listings was based on substantial evidence. The ALJ compared the evidence in the record to the Listings and found that Medina did not meet

6

them. Accordingly, the ALJ's finding that Medina did not meet the listings was based on substantial evidence and he did not err at step three of the sequential evaluation.

**B. The ALJ did not commit reversible error by consideration of the alleged onset dates**

Medina argues that the ALJ committed reversible error by failing to consider Medina's amended Alleged Onset Date ("AOD"). At the hearing, Medina's counsel represented to the ALJ that the AOD needed to be amended from May 15, 2019, to April 16, 2020. The original AOD on May 15, 2019, invaded the prior ALJ's decision on a previous claim, which was issued on May 17, 2019. The ALJ allowed the amendment, and a motion was filed on October 22, 2021.

In her decision, the ALJ noted that Medina's alleged AOD of May 15, 2019, preceded the May 17, 2019 date of the prior decision. She then stated that a specific amended alleged onset date had not been provided. Because of this, the ALJ precluded the period of May 15, 2019, to May 17, 2019, and considered the relevant period to begin on May 18, 2019.

Medina contends that the ALJ erred by not considering the amended AOD of October 22, 2021. Medina makes this argument, however, without showing how she was prejudiced by the ALJ's consideration of a greater period of time. As the party seeking to have the decision set aside, Medina carries the burden of showing prejudice resulted due to an error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Although Medina claims that the AOD was critical due to the date she was last insured of December 31, 2020, the record indicates that she was actually insured through December 31, 2021. Regardless, Medina fails to demonstrate how she was prejudiced. Accordingly, the ALJ did not commit reversible error by not considering the amended AOD.

**C. The ALJ was permitted to consider Medina's activities as a mother.**

Next, Medina claims that the ALJ improperly discriminated against her by considering her activities as a mother. The ALJ, however, is permitted to consider this in her evaluation. The

7

regulations state that the ALJ will consider a claimant's daily activities in evaluating her subjective complaints. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Further, the Sixth Circuit has repeatedly upheld considerations of a claimant's ability to care for children. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) ("Finally, the ALJ observed that Malla's opinion was inconsistent with Hill's own statements about her daily activities, which included housekeeping and caring for her five-year-old daughter as a single mother. Thus, the ALJ gave adequate reasons for rejecting Malla's opinion."); *Moore v. Comm'r of Soc. Sec.*, 573 Fed. Appx. 540, 542 (6th Cir. 2014) ("The ALJ also properly took into account Moore's daily activities, which included caring for two school-aged children and performing household chores."); *Hogg v. Sullivan*, 987 F.2d 328, 333 (6th Cir. 1993) (the claimant did not have marked restrictions of daily living where "she stated that she was able to care for herself and her son, and that she was able to maintain an active schedule of daily activities, including attending church and vocational training, visiting relatives and driving herself.") Here, the ALJ found that Medina's reported impairment was inconsistent with her reports regarding her ability to care for her children. This consideration was permitted by the regulations.

Medina also asserts that the ALJ erred in failing to consider that she was supervising her children's virtual learning due to the COVID-19 pandemic. However, the ALJ is not required to consider why the claimant is supervising her children. Her ability to do so is what is relevant to the analysis.

Plaintiff also argues that the ALJ should have considered that her husband was helping her with childcare. Medina did not point to any evidence in the record to support this assertion. The ALJ "must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record." 20 C.F.R. §§ 404.953(a), 416.1453(a). The ALJ supported her

finding by referencing a medical note from April 2020, which indicated that Plaintiff's husband was working near Louisville in construction. Therefore, the ALJ relied upon the evidence in the record to reach a conclusion regarding Plaintiff's functioning.

Last, Medina accuses the ALJ of cherry-picking evidence in supporting her finding and not inquiring about her childcare responsibilities at the hearing. The Plaintiff has the burden of presenting evidence to support her claims. 20 C.F.R. §§ 404.1512(a), 416.912(a). It is the ALJ's duty to resolve conflicts in the record. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). Here, although Medina indicated on disability forms that her husband does the grocery shopping and her son and husbands mainly prepare meals for the family, she also informed health care providers that she grocery shopped several times a week and was meal planning for six people. Additionally, claims that the ALJ "cherry-picked" evidence are "seldom successful because crediting it would require a court to re-weigh record evidence. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Thus, the ALJ did not err in this regard.

### III. Conclusion

For all these reasons, the Court **HEREBY ORDERS** that:

1. The plaintiff's motion for summary judgment (DE 10) is DENIED;
2. A judgment will be entered contemporaneously with this order.

This 23rd day of August, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY